## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

   v.                                    Case No. 05-CR-213

**STEVEN WILLS**
      **Defendant.**

### SENTENCING MEMORANDUM

Defendant Steven Wills pleaded guilty to participating in a conspiracy to distribute five grams or more of cocaine base, contrary to 21 U.S.C. §§ 841(a) & (b)(1)(B). The sentencing guidelines recommended an imprisonment term of 121-151 months, but after considering the arguments of counsel, I decided to impose a sentence somewhat below that range.

**I.**

In light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the court must consider all of the factors set forth in 18 U.S.C. § 3553(a) in imposing sentence:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The primary command of the statute is, after considering those factors, to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2). In the present case, in consideration of the somewhat mitigated nature of the offense, the positives in defendant's character, the Commission's policy statements, and the sentences I imposed on the co-defendants, I concluded that a sentence of 84 months was sufficient.

**II.**

Defendant was involved in a crack cocaine conspiracy supplied by Donte Jordan, a large-scale Milwaukee area dealer, from October 2004 to March 2005. Defendant obtained crack from Jordan on about four occasions, in amounts ranging from 1/4 ounce to one ounce. Thus, his involvement in trafficking was relatively brief, and the amounts involved modest. Further, he engaged in no violence and possessed no dangerous weapons, so the offense was also not aggravated in that regard.

**III.**

Twenty-six years old at the time of sentencing, defendant had accumulated a prior record sufficient to place him in criminal history category IV under the guidelines. However,

2

he had just one prior felony conviction from when he was seventeen years old. His subsequent convictions were for relatively minor offenses such as resisting or obstructing an officer. There was no indication of gang involvement or violence in defendant's past.

Defendant dropped out of high school and had little employment record. However, there were some grounds for optimism, as he commenced efforts to obtain his GED in 2005 and secured employment for about six months of that year. Prior to his arrest, defendant was using marijuana almost daily, but to his credit he seemed to have stopped. All drug tests while on pre-trial release were negative.

Defendant had four children, but no support orders had been issued. It appeared that he was not at the time of sentencing involved in his children's lives due to issues with the children's mothers, but had been involved in the past. Defendant's current girlfriend, whom he had been seeing for nearly two years, had positive things to say about him, indicating that he was good with her children and his own when he saw them.

**IV.**

I saw no indication that defendant was physically dangerous. However, given his record, he posed some risk of recidivism. There was also a need for a substantial period of confinement to provide just punishment and deter others. As indicated, defendant had at least a history of drug abuse, and he needed to further his education. However, given the other purposes of sentencing, those needs had to be addressed initially through recommendations to the Bureau of Prisons and later as conditions of supervised release.

**V.**

The guidelines called for a term of 121-151 months. I concluded that a sentence

3

within the range would be somewhat greater than necessary to satisfy the purposes of sentencing. First, defendant's criminal history category of IV overstated the seriousness of his record. As noted, he had just one prior felony, from when he was seventeen, and his other two scored offenses, both obstructing cases for which he received sentences of one year probation and thirty days jail, respectively, were just barely cognizable under U.S.S.G. § 4A1.2(c)(1). Defendant also received 2 criminal history points for committing the instant offense within two years of release from a prison sentence. But that sentence of four years, which was originally imposed in August of 1998, stretched into 2003 only because of a subsequent revocation. Under all of these circumstances, and in considering the Commission's policy statement at U.S.S.G. § 4A1.3, I concluded that under §§ 3553(a)(1) & 3553(a)(5), it was appropriate to sentence defendant as if his criminal history category were III.

Second, the guidelines did not account for defendant's positive personal characteristics, as reflected by the statements from his girlfriend and mother, his recent employment and abstinence from illegal drug use, and his efforts to get his GED in late 2005 and 2006. I also noted that defendant had been shot several times in 2002 and continued to experience adverse health effects. I considered these factors under § 3553(a)(1).

Finally, I noted that I had previously sentenced similarly situated co-defendants in this case – Corey Hudson, Patrick Alexander and Robert Chambers – to 84 months imprisonment. The evidence showed that defendant committed virtually the same crime as these three co-defendants and that their backgrounds and records were similar. I considered their sentences under § 3553(a)(6).

4

Given all these factors, I imposed a sentence about 2 levels below the advisory range.

**VI.**

Therefore, I committed defendant to the custody of the Bureau of Prisons for 84 months. I recommended that he participate in any drug treatment and educational programs available through the BOP. I further ordered that defendant serve a four year supervised release term, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5

Case 2:05-cr-00213-LA    Filed 12/08/06    Page 5 of 5    Document 211